Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
(856) 429-8334
Attorney of Record: Amy Lynn Bennecoff Ginsburg (AB0891)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDWARD HENDREX, ) <br> ) <br> Plaintiff ) <br> ) **Case No.:** <br> v. ) <br> ) **COMPLAINT AND DEMAND FOR** <br> DIVERSIFIED CONSULTANTS, INC., ) **JURY TRIAL** <br> ) <br> Defendant ) **(Unlawful Debt Collection Practices)** | |

**COMPLAINT**

EDWARD HENDREX ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act 47 U.S.C . § 227, *et. seq*. ("TCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of New Jersey therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Brick, New Jersey 08724.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. 153 (39).

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. Defendant is a debt collection company with headquarters located at 10550 Deerwood Park Blvd, Suite 309, Jacksonville, Florida 32256.

9. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39.

10. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**FACTUAL ALLEGATIONS**

12. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

13. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

14. As Plaintiff has no business debts, the alleged debt Defendant was seeking to collect arose out of transactions that were primarily for personal, family, or household purposes.

15. Beginning in August 2015 and continuing through October 2015, Defendant continuously and repeatedly contacted Plaintiff on his cellular telephone in its attempts to collect a consumer debt.

16. Plaintiff has had this cellular telephone number for more than one year.

17. Plaintiff has only used this number as a cellular telephone number.

18. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

19. Plaintiff never provided permission to Defendant to call his cellular telephone number.

20. Defendant contacted Plaintiff, on average, once a day.

21. Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

22. Defendant's telephone calls were not made for "emergency purposes."

23. It was annoying and harassing for Plaintiff to be called on his cellular telephone with such frequency.

24. Desiring to stop the repeated telephone calls, on more than one occasion, Plaintiff spoke with Defendant's collectors to advise them to stop calling him.

25. Defendant heard Plaintiff's instructions to stop calling him.

26. Defendant, however, refused to update its records to restrict telephone calls to Plaintiff's cellular telephone.

27. Rather, Defendant continued to call Plaintiff on his cellular telephone.

28. It was frustrating and annoying for Plaintiff to receive such continuous and repeated telephone calls from Defendant on his cellular telephone and as such Plaintiff took measures to block Defendant's calls.

29. Upon information and belief, Defendant called Plaintiff on a repetitive and continuous basis with the intent of harassing Plaintiff into paying the alleged debt.

30. Finally, within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written correspondence advising him of his rights to dispute the debt and/or request verification, as well as his right to request the name and address of the original creditor.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

31. Defendant's conduct violated 15 U.S.C. §§ 1692d and 1692d(5).

    a. A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

    c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by repeatedly contacting Plaintiff on his cellular telephone as well as continuing to call Plaintiff after having been told to stop calling him.

## COUNT II

32. Defendant's conduct, as detailed in the preceding paragraph, violated 15 U.S.C. § 1692f.

    a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b. Here, Defendant violated § 1692f of the FDCPA by failing to update its records to stop calling Plaintiff.

## COUNT III

33. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a).

    a. A debt collector violates § 1692g(a) of the FDCPA by failing, within five days after the initial communication with a consumer in connection with the collection of a debt, to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that,

        upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

    b.    Here, Defendant violated § 1692g(a) of the FDCPA by failing to send Plaintiff written notification of his rights to dispute the debt, request verification of the debt and/or to request information about the creditor within five (5) days of its initial communication with him.

## DEFENDANT VIOLATED THE
## TELEPONE CONSUMER PROTECTION ACT

### COUNT IV

34. Defendant's conduct, as detailed in the preceding paragraphs, violated the Telephone Consumer Protection Act.

35. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

36. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

37. Despite the fact that Plaintiff never consented to Defendant placing calls to him, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

38. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

39. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent.

WHEREFORE, Plaintiff, EDWARD HENDREX, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3);

    d. Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

    d. Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendant willfully or knowingly violated the TCPA; and

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, EDWARD HENDREX, demands a jury trial in this case.

**CERTIFICATION PURSUANT TO L.CIV.R.11.2**

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

                                Respectfully submitted,

By: */s/ Amy Lynn Bennecoff Ginsburg*
     Amy Lynn Bennecoff Ginsburg, Esquire
     Kimmel & Silverman, P.C.
     1930 East Marlton Pike, Suite Q29
     Cherry Hill, New Jersey 08003
     Phone: (856) 429-8334
     Facsimile: (877) 788-2864
     Email: aginsburg@creditlaw.com

Dated: 3-28-16